IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMZIE PIGOTT | * | CIVIL ACTION |
| | * | |
| | * | NO.   18-5186 |
| VERSUS | * | |
| | * | SECTION " R " |
| JEFFERSON PARISH SCHOOL BOARD | * | |
| CEDRIC FLOYD, AND ISAAC JOSEPH | * | MAG. DIV. (1) |
| | * | MARISTRATE JUDGE |
| | * | VAN MEERVELD |

FILED: _____     _____
                                                                  DEPUTY CLERK

FIRST SUPPLEMENTAL AND AMENDEDING COMPLAINT

NOW INTO COURT, through undersigned counsel comes Amzie Pigott to file this First Supplemental and Amending Complaint.

Plaintiff re-avers the allegations of her Original Complaint and Supplements and Amends her complaint as follows:

Title VII 42 USC § 2000 et. seq

35. Plaintiff filed a charge with the EEOC against her employer the JPSB and on April 23, 2018 the EEOC issued the plaintiff a right to sue letter, a copy of which is attached to this First Supplemental and Amending Complaint as an Exhibit.

36. At all times pertinent, plaintiff's employer pursuant to 42 USC § 2000 et. seq was the JPSB and its members.

37. The JPSB is a public entity that employs thousands of employees and is charged with the education of thousands of students in Jefferson Parish.

38. Plaintiff, a female, was the executive administrative assistant to the Jefferson Parish School Board and was employed by the JPSB. She had been employed and promoted within the JPSB.

39. Defendant Floyd harassed plaintiff and created a hostile work environment for plaintiff commencing in March of 2017 until her resignation (constructive termination) in July of 2017. Joseph agreed with this conduct and/or failed to stop this conduct.

40. Floyd harassed plaintiff as follows:

   A. Floyd constantly called plaintiff compared to the other Board Members who rarely call.

   B. Floyd continually asked plaintiff questions interrupting her work and he constantly criticized her work.

   C. Plaintiff informed Floyd that the superintendent's administrative assistant reviewed all of her work and despite being advised of this on many occasions, Floyd would continually ask if the superintendent's administrative assistant had reviewed her work.

   D. Floyd asked plaintiff about her marital status and her family status.

   E. Floyd asked plaintiff for her personal cell number and contact information.

   F. Floyd urged plaintiff to call him personally.

   G. Floyd told plaintiff "we wear the same jersey" and "we have to look out for each other".

   H. Floyd told plaintiff that she received the position of administrative assistant to the Board do to Floyd's influence and insinuated that she should be grateful to him or she owed him.

    I. Floyd asked plaintiff "What would you do if I was to call you out of your name" (Floyd was seeking to speak to plaintiff in a misogynistic disrespectful manner and tone).

    J. Floyd advised plaintiff that she needed to make herself available to him and she could call him at any time.

    K. Floyd invited plaintiff to meet him outside of business hours.

41. Plaintiff made numerous complaints to Superintendent Joseph regarding the harassment and hostile work environment created by Floyd. Joseph eventually suggested plaintiff not to take his calls and to forward Floyd to Joseph's assistant.

42. As per the direction of Joseph, plaintiff did not answer Floyd's calls and forwarded Floyd's calls to Joseph's assistant. When Floyd did not speak with plaintiff, he would continually try to recall plaintiff on her JPSB cell phone and her personal cell phone. Floyd would then complain to plaintiff for not taking his call when he knew she was advised not to take his calls by Joseph.

43. Joseph failed to take and serious or genuine action to stop or prevent Floyd's harassment of plaintiff and the creation of a hostile work environment for plaintiff. Joseph failed to follow existing polices of the JPSB regarding complaints of harassment.

44. Joseph's failure to take any serious or genuine efforts to stop Floyd's harassment contributed to the hostile work environment.

45. Defendants are liable in solido to plaintiff for loss of past and future wages and benefits, mental and emotional pain and suffering, humiliation and embarrassment, past and future medical cost, penalty and punitive damages as allowed by law, and attorney fees.

46. Defendants acts constitute gender-based harassment. Defendants have a history of engaging in gender-based harassment by Floyd and Joseph and no similarly situated male employees were treated in the same fashion as plaintiff.

47. No male employees were constantly called by Floyd during and after business hours on business and personal phone lines. No similarly situated male employees were asked about their marital or relationship status. No similarly situated male employees were invited by Floyd to meet with him after normal business hours. No similarly situated male employees were asked if by Floyd "What would you do if I was to call you out of your name". No similarly situated male employees were told to make themselves available to Floyd or that they wear the same jersey and have to look out for each other.

48. Defendants' discriminatory conduct is in violation of Title VII and has caused the plaintiff to suffer loss of pay, benefits, prestige and emotional damages

49. Defendants' have engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 USC 1981 a.

## 42 USC 1983 ACTION

Plaintiff re avers and re asserts the allegations of her original petition and now names as an additional defendant MARION BONURA as follows:

50. Made Defendant herein is MARION BONURA a person of the full age of majority, a resident of the Parish of Jefferson and a member of the Jefferson Parish School Board.

51. Defendant, Bonura acting under color of state law and in his position as a member of the Jefferson Parish School Board deprived plaintiff of her federal constitutional rights

by retaliating, harassing and intimidating plaintiff for filing a civil rights complaint against the JPSB, Floyd and Joseph. In addition, Bonura's libelous and slanderous statement at a public-school Board Meeting violated the plaintiff's right to privacy and violated her safety and security.

52. Defendant, Bonura acted under color of state law when he deprived plaintiff of her federal rights, property interest, and right to privacy and freedom from harassment, intimidation and retaliation.

53. At a public-School Board Meeting in June of 2018 defendant Bonura violated plaintiff's constitutional rights in his capacity as a School Board Member when he libeled and slandered plaintiff when he said "As far as the second, the second grievance. Man, I didn't even know that lady even worked for us. I don't know where she… That's because Mr. Duh Delesdernier had another person he could put a **chain around** and make Floyd look bad."

54. Defendant Bonura's statement in defense of Floyd's past misconduct of gender-based harassment violated plaintiffs constitutional rights. Bonura's comments were in retaliation against Plaintiff for making a harassment complaint against the School Board and Floyd.

55. Defendant Bonura's statement that plaintiff, an African American Female, had a **CHAIN** around her was demeaning, insulting and effort to diminish, humiliate and intimidate an African American woman.

56. Defendant Bonura stated that Plaintiff had a **CHAIN** around her during a Jefferson Parish School Board meeting. The offensive statement was made in his capacity as a member of the School Board. His offensive statement was made as

defendant Bonura was defending Floyd against censure from the School Board related to Floyd's past harassment of African American women.

57. Bonura in has capacity of as a School Board Member supported and encourage Floyd's harassing behavior, and Joseph's failure to protect Plaintiff from Floyd's harassment, and he also harassed and retaliated against Plaintiff by his offensive and racist statement.

58. Bonura's statement was an effort to intimidate plaintiff from seeking justice from the wrongful and discriminatory conduct of the defendants.  The threats and intimidation of public officials in the 1960's resulted in the civil rights movement for the protection of all against discrimination such as that practiced by Bonura and Floyd

59. Defendant, Bonura's  conduct is in violation of 42 USC 1983 and has caused the plaintiff to suffer loss of pay, benefits, prestige and emotional damages

60. Defendant's  violation of 1983 was with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 USC 1981 a.

61. The plaintiff makes a demand for a Jury Trial.

## PRAYER

Wherefore Plaintiff prays that the court grant Plaintiff front and back pay, future wage loss, compensatory damages for humiliation, emotional distress and other damages caused by Defendants' conduct, and that the Court grant punitive damages for Defendants' malicious and recklessly indifferent conduct together with legal expenses and attorney fees pursuant to 42 USC 1988 and that the Court grant all other relief allowed by law.

Wherefore plaintiff, prays that her Complaint be deemed good and sufficient and after due proceedings be had there be judgment herein in favor of plaintiff and against defendants together with interest, attorney fees, and all other equitable relief allowed by law.

RESPECTFULLY SUBMITTED:

*Michael R Delesdernier*

_____
Michael R. Delesdernier #16883
2728 Athania Pky
Metairie, LA 70002
Telephone (504) 281-4106
delesdernierlaw@cox.net

Attorney for plaintiff Sharon Hunter

CERTIFICATE OF SERVICE

I certify that the above and foregoing pleading has been served on all counsel of record by the U.S. Mail postage prepaid, hand delivery or facsimile on this 26th day of June 2018

*Michael R. Delesdernier*

_____
Michael R. Delesdernier